UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
KAREEM H. WARD,

                Plaintiff,

      -v-                                    **MEMORANDUM AND ORDER**

                                                    23-CV-7096 (NRM) (LB)

COMMISSIONER MOLLY WASOW PARK,
BARLOW WILLIAMS, SAMARITAN VILLAGE,
DEPARTMENT OF SOCIAL SERVICES,
DEPARTMENT OF HOMELESS SERVICES,

                Defendants.
-------------------------------------------------------------X
**NINA R. MORRISON**, United States District Judge:

      Plaintiff Kareem H. Ward filed this *pro se* complaint on September 19, 2023, pursuant to, *inter alia*, the United States Constitution, the federal criminal code and state law.[1] Compl., ECF No. 1 at 7-9. Plaintiff's application to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915(a). IFP Mot., ECF No. 2. For the reasons that follow, the action is dismissed.

---

[1] Recently, Plaintiff has filed the following cases in this Court: *See Ward v. Adams, et al.*, No. 23-CV-5237 (NRM) (LB) (filed July 5, 2023) (dismissed for failure to state a claim); *Ward v. Bureau of Vital Records, et al.*, No. 23-CV-5236 (NRM) (LB) (filed July 5, 2023) (transferred to the Southern District of New York); *Ward v. Admin. for Child.'s Servs.*, No. 23-CV-5235 (NRM) (LB) (filed July 5, 2023); *Ward v. Project Hosp.*, No. 23-CV-4037 (NRM) (LB) (filed June 6, 2023) (complaint dismissed with leave to amend); *Ward v. Soc. Sec. Admin.*, No. 23-CV-4034 (NRM) (LB) (filed June 2, 2023) (complaint dismissed with leave to amend).

## BACKGROUND

Plaintiff alleges that Samaritan Village, the shelter where he currently lives, "intentionally cover[ed] up . . . identity theft," which has caused the Plaintiff to lose "federal funding income, entitlements from rail road retirements, army pensions, inheritance, . . . trustfund, SSI, SSD, and social security benefit's . . . ." Compl., ECF No. 1 at 12. He seeks removal from the shelter where he is currently housed, placement in a motel or hotel, an "order demanding [that] city, state, and federal administration[s] . . . work [in conjunction]," and $750,000 in damages. *Id.* at 12-13. On October 11, 2023, Plaintiff filed a letter requesting similar relief.[2] Letter to Judge Morrison, ECF No. 4 at 2-3.

## STANDARD OF REVIEW

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives

---

[2] Plaintiff should refrain from filing a letter if he is seeking to add to his complaint. Plaintiff is on notice that the proper way to add to a complaint is by filing an amended complaint. *See* Rule 15 of the Federal Rules of Civil Procedure. Furthermore, in Plaintiff's letter, he references his other cases before the Court. Because Plaintiff filed a notice of appeal in 23-CV-4034 and 23-CV-4037, the Court will not take action on those two cases while the appeal is pending before the United States Court of Appeals for the Second Circuit. *Negron v. United States*, 394 F.App'x 788, 792 (2d Cir. 2010) ("it is well-established that '[t]he filing of a notice of appeal is an event of jurisdictional significance–it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'"); *Hernandez v. Colon*, 18 F.3d 133, 138 (2d Cir. 1994) (district court lacked jurisdiction to rule on a motion to amend a complaint after a notice of appeal was filed).

any indication that a valid claim might be stated," a court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted). However, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In addition, 28 U.S.C. § 1915(e)(2)(B) requires a district court to dismiss a case filed *in forma pauperis* if the court determines that the action: "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

### A. New York City Agencies

Plaintiff sues the New York City Department of Homeless Services ("DHS") and the New York City Department of Social Services ("DSS"), both agencies of the City of New York ("City"). Section 396 of the New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law." N.Y. City Charter Ch. 17, § 396. That provision "has been construed to mean that New York City departments, as distinct from the City itself, lack the capacity to be sued." *Ximines v. George Wingate High School*, 516 F.3d 156, 160 (2d Cir. 2008); *see also Toliver v. City of New York*, No. 19-

CV-11834 (CM), 2020 WL 883271 at *2 (S.D.N.Y. 2020) (DHS is not a suable entity); *Siino v. N.Y.C. Hum. Res. Admin./Dep't of Soc. Servs.*, No. 14-CV-7217 (MKB), 2015 WL 1877654, at *2 (E.D.N.Y. 2015) (DSS is not a suable entity). Therefore, Plaintiff's complaint against DHS and DSS is dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B).

Even if the Court were to construe the complaint liberally, as including a claim against the City, the Plaintiff's claims should be dismissed. It is well settled that a municipality, such as the City, can only be sued if the alleged injury was the result of an official policy, custom, or practice of the municipality. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978); *Thomas v. Administrator of Children's Servs.*, No. 21-CV-47 (MKB), 2021 WL 493425, at *3 (E.D.N.Y. Feb. 10, 2021). Plaintiff has neither alleged any policy, custom, or practice on the part of the City nor a constitutional injury. Thus, even if Plaintiff had properly named the City in this action — which he did not — the Court would be required to dismiss his claims.

### B. Acting DSS Commissioner

Plaintiff sues the Acting DSS Commissioner Molly Wasow Park; however, he fails to allege any facts as to her conduct. The Court liberally construes Plaintiff's complaint alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. However, "[i]t is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Farid v. Ellen,* 593 F.3d 233, 249 (2d Cir. 2010) (citing *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006)). A § 1983 complaint that does not allege the personal

involvement of a defendant fails as a matter of law.  *Sealey v. Giltner,* 116 F.3d 47, 51 (2d Cir. 1997); *see also Johnson v. Barney*, 360 F.App'x 199, 201 (2d Cir. 2010) (summary order); *Blackson v. City of New York*, No. 14-CV.-452, 2014 WL 6772256, at *2 (S.D.N.Y. Dec. 2, 2014) (dismissing claims where plaintiff made "no specific allegations" about defendants' conduct "apart from naming them as [D]efendants").

To the extent Plaintiff names the Acting DSS Commissioner based on her role as the DSS Commissioner, the claim still fails.  "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Iqbal*, 556 U.S. at 676.  Here, Plaintiff does not make any allegations concerning the Acting DSS Commissioner.  Since the claim against this supervisor-defendant, as presently stated, can be supported only on the basis of the *respondeat superior* or vicarious liability doctrines, which are not applicable to § 1983 actions, the complaint against this Defendant must be dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B).

### C.  Samaritan Village and Barlow Williams

Plaintiff also sues Samaritan Village, which runs the shelter where he lives, and Barlow Williams, a director at the shelter.  Samaritan Village is a private, not-for-profit agency[3] and Williams, presumably employed by Samaritan Village, is also a private actor.  A claim for relief under § 1983 must allege facts showing that the

---

[3] *See* Samaritan Hilltop Village, http://www.samaritanvillage.org (last visited Oct. 23, 2023).

defendant acted under color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. "Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action.'" *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks omitted); *see also Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). "[T]he provision of homeless services by a private organization, even under contract with the state or where subject to governmental regulation, does not turn the private organization or its employees into state actors." *Ortega v. Samaritan Vill. Myrtle Ave. Men's Shelter,* No. 18-CV-5995, 2020 WL 1043305, at *4 (E.D.N.Y. Mar. 4, 2020) (internal quotation marks and citation omitted). Therefore, Plaintiff's complaint against Samaritan Village and Barlow Williams is dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B).

### D.  Federal Criminal Code

Finally, to the extent Plaintiff seeks to pursue claims under federal criminal statutes, *see* ECF No. 1 at 9, those claims also fail. It is well settled that "crimes are prosecuted by the government, not by private parties." *Hill v. Didio*, 191 F. App'x 13, 15-16 (2d Cir. 2006) (citing *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86-87 (2d Cir. 1972); *see also Leeke v. Timmerman,* 454 U.S. 83, 85-86 (1981) (holding that "a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another") (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)).

## CONCLUSION

For the reasons set forth above, the action, filed *in forma pauperis*, is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Any state law claims are dismissed without prejudice. Despite Plaintiff's *pro se* status, the Court declines to grant leave to amend as it finds that amendment would be futile. *Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011) (affirming district court decision to dismiss *pro se* complaint without leave to amend where amendment would be futile); *Cuoco*, 222 F.3d at 112 ("The problem with Cuoco's causes of action is substantive; better pleading will not cure it. Repleading would thus be futile.").

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to enter judgment, close this case, and mail a copy of this Memorandum and Order to Plaintiff.

SO ORDERED.

                                                 /s/NRM_____
                                                NINA R. MORRISON
                                                United States District Judge

Dated:      September 20, 2024
             Brooklyn, New York